284

UNITED STATES of America,
Plaintiff–Appellee,

v.

Gary MCDOWELL, Defendant–
Appellant.

No. 00–5202.

United States Court of Appeals,
Sixth Circuit.

March 13, 2001.

Before SILER, MOORE, and CLAY,
Circuit Judges.

## *ORDER*

Gary McDowell appeals a district court judgment that resentenced him after vacating his original sentence under 28 U.S.C. § 2255. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

In 1992, McDowell pleaded guilty to possessing cocaine base for intended distribution and using a firearm during a drug-trafficking offense. *See* 21 U.S.C. § 841(a)(1) *and* 18 U.S.C. § 924(c). He was originally sentenced to a term of 151 months of imprisonment on the drug-trafficking conviction and a consecutive term of sixty months on the firearm conviction.

In 1997, the district court granted McDowell's § 2255 motion and vacated his firearm conviction under *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). However, it increased the offense level for his drug-trafficking conviction because he had possessed a firearm during that offense. *See* USSG § 2D1.1(b)(1). This resulted in a guideline range of 188 to 211 months. In 1998, McDowell was resentenced to 211 months of incarceration on his drug-trafficking offense alone.

Our court vacated this sentence because McDowell had entered into a plea agreement that anticipated a sentence at the low end of the guideline range. On January 7, 2000, the district court issued an amended judgment and resentenced him to 188 months of incarceration and five years of supervised release. This sentence fell at the bottom of the applicable guideline range, as anticipated by the plea agreement. It is from this judgment that McDowell now appeals.

The district court was authorized to increase McDowell's drug-trafficking sentence when it dismissed his firearm conviction under *Bailey*. *See United States v. Saikaly*, 207 F.3d 363, 368 (6th Cir.2000). However, McDowell now argues that the court made insufficient factual findings to support its application of § 2D1.1(b)(1). This argument is refuted by the record, which shows that the court made the following findings when it first resentenced McDowell in 1998:

> [T]he Court finds that within the meaning of 2D1.1(b)(1), a dangerous weapon was possessed.... [T]he adjustment should be applied if the weapon was present unless it is clearly improbable that the weapon was connected with the offense. Here, it is not clearly improbable that the weapon was connected with the offense, and in fact, it is highly probable that it was. While Mr. McDowell in some way may have convinced himself that he had the weapon for protection, clearly the reason Mr. McDowell so badly needed the sort of protection that would be provided by this loaded weapon ... is because of the high risk, high possibility of violent behavior he was engaging in selling drugs. Obviously, that posed a substantially greater risk to his own safety than if he had been engaging in entirely legal activity, and he also had a need to protect the drugs themselves and also the money that represented the proceeds of drug sales. The weapon was found in cost [*sic*] proximity to both drugs and money at a location easily accessible to Mr. McDowell and ready for him to use for whatever purpose. There has been no other reason suggested that Mr. McDowell might have been so in need of personal protection that he would have had a weapon of this type in his residence in the location in which it was.

The district court expressly adopted these findings when it imposed McDowell's current sentence. The court's findings were not clearly erroneous, as it is undisputed that McDowell kept a loaded semiautomatic pistol underneath his bed, along with cocaine base and the proceeds of his drug transactions. *See id.; United States v. Elder*, 90 F.3d 1110, 1133–34 (6th Cir. 1996).

Accordingly, the district court's judgment is affirmed.